Henry Schwabacher *et al.*

*v.*

Lewis Wells.

New trial—*verdict against the evidence.* A new trial was awarded in this case, on the ground that the verdict was for a larger amount than the evidence warranted.

Appeal from the Circuit Court of Peoria county; the Hon. Sabin D. Puterbaugh, Judge, presiding.

This was an action originally brought before a justice of the peace, and appealed to the circuit court of Peoria county. It appears that the appellee, Wells, traded to the appellants a lot of ready-made clothing and dry goods, for a horse, buggy, harness, and a lot of whiskey and cigars. He claimed that the horse was warranted sound, and it proved unsound, and

33—49th Ill.

258          SCHWABACHER *et al. v.* WELLS.          [Sept. T.,

Opinion of the Court.

that the whiskey which he received, was not the same he selected and bought, and this action was brought to recover damages therefor.    On the trial in the court below, a verdict and judgment were rendered for the plaintiff, for $196.75.

Messrs. O'BRIEN & WELLS, for the appellants.

Messrs. GRIFFITH & LEE and Mr. HENRY GROVE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The proof settles this fact, that plaintiff, Wells, was to keep the horse if he would not answer his purpose, and defendants would allow him $100 in the trade.    It was proved by the blacksmith who shod the horse just before the trade, that when defendants got the horse he was not stiff, but was stiff when he shod him, and the proof is full that he was not fit for livery purposes, for which plaintiff desired him.

The jury have given credit to the testimony of indifferent witnesses, that the whiskey was inferior—not worth $3.10 a gallon, or anything like it.    It was returned to the defendants as not up to the sample, and they had it when the suit was commenced.    There were 22 gallons of it, which at $3.10 per gallon, would amount to $68.20.

The verdict, then, should have been, premium for retaining the horse, $100 ; whiskey not delivered, 22 gallons, at $3.10 per gallon, $68.20; making in all $168.20.    The plaintiff recovered $196.75, being more, by $28.55, than the evidence showed him entitled to.

A new trial should have been allowed.    We cannot correct the error here, and must reverse the judgment and remand the cause, that a new *venire* may issue.

*Judgment reversed.*